IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY WINDSOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:13cv587-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Plaintiff, Mary Windsor, applied for supplemental social security income on June 18, 2010. That application was denied. As a result, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision and found Plaintiff "not disabled" at any time through the date of the decision. Plaintiff then requested the Appeals counsel review the ALJ's decision. The Appeals Counsel denied Plaintiff's request for review and the ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social

entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative

---

Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.   . . .  No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.  ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-two at the time of the hearing before the ALJ and had a ninth grade education.  Tr. 29.  Plaintiff had past relevant work experience as a cleaner/housekeeper.  Tr. 57.  Following the administrative hearing, and employing the five-step process, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since . . . the application date."  (Step 1)  Tr. 53.  At Step 2, the ALJ found that Plaintiff suffered from the following severe impairments:  "cervicalgia, bipolar II disorder, and borderline intellectual functioning."  *Id*.  At Step 3, the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or medically equal any listed impairment.  Tr. 54.  Next, the ALJ found that Plaintiff retained the RFC to perform a range of medium work with several physical and mental limitations.  Tr. 56.  Following the RFC determination, and after consulting with a VE, the ALJ determined that Plaintiff could perform her past relevant work.  (Step 4) Tr. 57.  Accordingly, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act, since  . . . the date the application was filed."  *Id*.

## IV.  PLAINTIFF'S CLAIMS

Plaintiff presents two issues for the court's consideration in review of the ALJ's decision:  (1) "[t]he Commissioner's decision should be reversed because the ALJ failed to mention or evaluate significant evidence of record"; and (2) "[t]he Commissioner's decision should be reversed because the ALJ's finding that [Plaintiff] is capable of

performing the mental demands of unskilled level work is not supported by substantial evidence." Pl.'s Br. (Doc. 12) at 3.  Both of these issues center on the ALJ's treatment of the opinion of a single consultative examiner and thus, will be addressed together.

## V.   DISCUSSION

Plaintiff contends that the ALJ's decision should be reversed because the ALJ failed to consider and weigh the opinion of Dr. Jordan, the psychiatric consultative examiner.  Pl's Br. (Doc. 12) at 3.  More specifically, Plaintiff argues that "[a]lthough the ALJ discussed certain minute pieces of Dr. Jordan's opinion in support of her conclusion, she failed to assign weight, much less mention, the . . . portions of the record from Dr. Jordan that would prevent Ms. Jordan from performing any level of work activity." *Id*. at 7.  Plaintiff points this court to portions of Dr. Jordan's opinion to support her assertion that portions of Dr. Jordan's opinion would preclude her from work.

First, it must be noted that Dr. Jordan was a consultative examiner rather than a treating physician.  Consequently, his opinion was not entitled to controlling weight. *See* 20 C.F.R. § 416.927(c)(2).  As for the ALJ's treatment of the opinion, it is clear that the ALJ both considered and relied on Dr. Jordan's opinion in making the RFC determination.  Although the ALJ did not specifically set forth the weight given to Dr. Jordan's opinion, it is clear from the decision upon which portions the ALJ relied and which portions were rejected.

Plaintiff points to Dr. Jordan's opinions regarding Plaintiff's intellectual functioning, judgment, social functioning, and GAF score assignment. As to the GAF score assignment, "the GAF scale 'does not have a direct correlation to the severity requirements in our mental disorders listings.'" *Nye v. Comm'r of Socr Sec.*, 524 F. App'x 538, 545 (11th Cir. 2013) (quoting 65 Fed. Reg. at 50764-65). As to Dr. Jordan's opinions regarding Plaintiff's intellectual functioning, judgment, social functioning, Plaintiff has failed to show these opinions are at odds with the RFC. The RFC specifically limits Plaintiff to "simple tasks with short, simple instructions that require only occasional contact with the general public and which requires infrequent changes in the workplace." Tr. 56. Thus, the RFC encompasses the concerns opined by Dr. Jordan. As the Commissioner rightly points out, "Dr. Jordan expressly opined that Plaintiff had an unhindered ability to remember and carry our simple instructions and that she was only partially limited with respect to completing tasks . . . [and] opined that 'Plaintiff's physical issues seem to be the primary limiting factor.'" Def.'s Br. (Doc. 15) at 9 (citing Tr. 256).

Plaintiff's bald assertion in her second claim, that the limitations expressed by Dr. Jordan would preclude her from performing any level of work activity is unsupported by either the record or Dr. Jordan's opinion. When addressing Plaintiff's prognosis in terms of "vocation," Dr. Jordan set forth parameters for Plaintiff to perform work, Dr. Jordan

did not opine that Plaintiff's limitations would preclude her from work.  Dr. Jordan opined,

> In terms of vocations, the claimant's ability to carry out and remember instructions of a simple, one-step nature is not compromised.  The claimant cannot do multi-step tasks without some degree of supervision.
>
> In terms of vocation, the claimant's ability to respond well to coworkers, supervision, and everyday work pressures is compromised to a moderate to severe degree due to psychiatric issues.  Physical issues seem to be the primary limiting factor. . .

Tr. 256.  As stated above, the RFC encompasses these limitations.  Plaintiff has not shown that Dr. Jordan's opinion would preclude Plaintiff's ability to work or that the opinion is somehow in conflict with the RFC.  The court finds these arguments to be without merit.

## VI.    CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

Done this 12th day of August, 2014.

> /s/ Wallace Capel, Jr.
> WALLACE CAPEL, JR.
> UNITED STATES MAGISTRATE JUDGE